UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick BERNARDINO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Nancy A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　　　Defendant. | Case No.: 16-cv-2941-AGS<br><br>**STATEMENT OF LEGAL PRINCIPLES FOR SUMMARY JUDGMENT HEARING** |

The Court has considered the following legal principles for today's summary judgment hearing and will apply these principles to the Court's ultimate ruling:

**A. Credibility**

In evaluating the credibility of subjective symptom testimony, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation omitted). If so, and absent evidence of malingering, "the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Id.* (citations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

1

16-cv-2941-AGS

complaints." *Id.* (citation omitted). These adverse credibility findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9th Cir. 2010) (citation omitted). In weighing a claimant's testimony, the ALJ may consider all the typical credibility factors, such as prior inconsistent statements, falsehoods, and discrepancies between the claimant's statements and conduct. *Ghanim*, 763 F.3d at 1163; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Even where the ALJ makes an error, or more than one, in his analysis, "[s]o long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal." *Carmickle v. Comm'r of Sec. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (alterations and citations omitted).

**B. Treating Physician**

If a treating physician's opinion is well-supported and consistent with the rest of the record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). When the treating physician's opinion is contradicted by another doctor, "an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, ___ F.3d ___, No. 15-16277, 2017 WL 4053751, at *7 (9th Cir. Sept. 14, 2017) (citation omitted). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citations omitted). The harmless error analysis also applies in the treating physician context. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (holding that "harmless error analysis applies in the social security context," including in the area of a "treating source's medical opinion"); *see also Baily v. Colvin*, 659 F. App'x 413, 415 (9th Cir. 2016) ("Any error in the ALJ's additional reasons for rejecting [the treating physician's] opinions was harmless.").

**C. Lay Witness Testimony**

Lay witness testimony is considered an "other source" by the social security regulations and are not afforded the same deference as accepted medical sources, so the ALJ need only give "reasons germane to each witness" to reject such testimony. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Harmless error applies to lay witness testimony in the same way it applies to credibility determinations. *See Oh v. Astrue*, No. EDCV 10-1076-MLG, 2011 WL 486592, at *3 (C.D. Cal. Feb. 3, 2011).

**D. Severity**

An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). But "[a]mple authority cautions against a determination of nondisability at step two." *Ortiz v. Comm'r of Soc. Sec.*, 425 F. App'x 653, 655 (9th Cir. 2011). "[T]he step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." *Id.* (citation omitted). But even if the ALJ fails to conclude an impairment is severe, if he goes on to "extensively discuss[]" the impairment "at Step 4 of the analysis," any error in "neglecting to list [those impairments as severe] at Step 2 . . . was harmless." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (citation omitted).

Dated: September 26, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge