UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick BERNARDINO,<br><br>         Plaintiff,<br>v.<br><br>Nancy A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 16-cv-2941-AGS<br><br>**STATEMENT OF ADDITIONAL LEGAL AUTHORITIES** |

The Court relied on the following additional legal authorities in its discussion and rulings in this case:

**A. Credibility**

 *1. GAF Score*[1]

 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

---

[1] The Global Assessment of Functioning ranges relevant here are:

- **51-60**: "**Moderate symptoms** (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers)."

- **41-50**: "**Serious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)."

- **31-40:** "Some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child beats up younger children, is defiant at home, and is failing at school.)"

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162 n.1 (10th Cir. 2012) (citation omitted, formatting and bolding added).

decision, the ALJ's conclusion must be upheld." (citation omitted)); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

   2. *Associate's Degree*

*Dubois v. Colvin*, 649 F. App'x 439, 441 (9th Cir. 2016) (noting that "academic achievements" including earning a "Bachelor of Science degree" could be considered in claimant credibility); *Gee v. Comm'r of Soc. Sec.*, No. 16-cv-00124-MKD, 2017 WL 3749810, at *7 (E.D. Wash. Aug. 30, 2017) (claimant credibility "contradicted by his admission that he earned two associates degrees"); *Shinn v. Astrue*, No. C08-1786-RSL, 2009 WL 2473513, at *9 n.2 (W.D. Wash. Aug. 10, 2009) (holding that an ALJ may consider community college attendance, including that which did not yet yield an associate's degree, as "relevant to a determination of his credibility").

*Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (noting that a conclusion a claimant "had not been a reliable historian" is a specific, clear, and convincing reason to reject credibility (quotation marks omitted)); *Wittner v. Astrue*, No. SACV 11-01926 AJW, 2012 WL 6214436, at *4 (C.D. Cal. Dec. 12, 2012) (same for "poor historian"); *Everett v. Astrue*, No. 10-cv-1831 LJO-BAM, 2012 WL 1965958, at *15 (E.D. Cal. May 31, 2012) (same).

   3. *Objective Medical Evidence*

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that courts may not consider "an argument raised for the first time in a *reply* brief").

*Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that "medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects," though it cannot be "the sole ground" for rejecting "subjective pain testimony" (citation omitted)).

   4. *Conservative Treatment*

*Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an

2

16-cv-2941-AGS

impairment." (citation omitted)); *Lapeirre-Gutt v. Astrue*, No. 09-15642, 2010 WL 2317918, at *1 (9th Cir. June 9, 2010) ("A claimant cannot be discredited for failing to pursue non-conservative treatment options where none exist."); *id.* (criticizing an ALJ's finding of "conservative treatment" considering the claimant's "regimen of powerful pain medications and injections").

   5. <u>Daily Activities</u>

*Popa v. Berryhill*, ___ F.3d ___, No. 15-16848, 2017 WL 4160041, at *5 (9th Cir. Aug. 18, 2017) (chastising an ALJ for "fail[ing] to explain" how identified daily activities "contrast" with claimant testimony); *McLees v. Colvin*, No. C13-5218BHS, 2014 WL 813754, at *4 (W.D. Wash. Mar. 3, 2014) (upholding a public-transit credibility determination where the ALJ explained that "plaintiff's use of public transportation showed that he had the physical capability to ride the bus, which involves walking to stops, often standing at stops because not all stops have seats, and often walking to the end of the bus to find a seat" contrasted with plaintiff's alleged limitations from an ankle injury).

*Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (holding a claimant "need not vegetate in a dark room" to be eligible for benefits, but everyday activities "may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment" and indicate "capacities that are transferable to a work setting." (citations omitted)).

   6. <u>Lack of Compliance with Treatment</u>

*Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (holding an "ALJ may properly rely on unexplained or inadequately explained failure . . . to follow a prescribed course of treatment"); *Lockwood v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 288, 290 (9th Cir. 2010) (holding an ALJ "erred" by relying on a claimant's "lack of compliance with treatment as one reason to discount [his] testimony . . . because the ALJ failed to discuss the reasons for noncompliance, such as the side effects of her medication"); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (rejecting an ALJ's credibility determination concerning failure to seek more aggressive treatment

without wrestling with claimant testimony that he did not "take other pain medication because of adverse side effects").

### Harmless Error – Credibility

*Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) ("So long as there remains substantial evidence supporting the ALJ's conclusions on credibility and the error does not negate the validity of the ALJ's ultimate credibility conclusion, such is deemed harmless and does not warrant reversal." (alterations and citations omitted)); *id.* at 1162-63 (holding two invalid reasons for an adverse credibility finding were harmless error in light of the remaining reasoning); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (holding that one erroneous reason "amounts to harmless error," when the ALJ "presented four other independent bases for discounting [the claimant's] testimony"); *Vasquez v. Astrue*, 572 F.3d 586, 592-93 (9th Cir. 2009) (explaining the "credit as true" doctrine and utilizing it in the claimaint-credibility context).

**B. Treating Physician Shah**

*1. GAF Score*

*See supra.*

*2. Inconsistent with Medical Records*

Nothing additional.

*3. Insignificant Treatment History/Longitudinal Treatment Notes*

*Colcord v. Colvin*, 91 F. Supp. 3d 1189, 1196 (D. Or. 2015) (rejecting "short treatment history" as a rationale for discounting a treating psychiatrist's opinion when the treatment lasted "three months" and at the time of the opinion the doctor was "meeting with plaintiff on a bi-weekly basis"); *Gottuso v. Colvin*, No. SACV 12-01705-MAN, 2014 WL 1286221, at *8 (C.D. Cal. Mar. 28, 2014) (criticizing ALJ who found that the opinion of a treating physician who had "significant gaps in his treatment of [plaintiff]" was entitled to "little weight," without explaining why "the lack of *any* treatment history had no effect on the weight afforded to the opinions of the nontreating doctors").

### 4. *In Conflict with Daily Activities*

*See supra*.

### 5. *Conflict with Dr. Engelhorn's Opinions*

*Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (examining physician's opinion is specific and legitimate reason for rejecting a treating physician because "it rests on his own independent examination" of claimant).

## Harmless Error – Treating Physician Shah

*Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (holding that "harmless error analysis applies in the social security context," including in the area of a "treating source's medical opinion"); *see also Baily v. Colvin*, 659 F. App'x 413, 415 (9th Cir. 2016) ("Any error in the ALJ's additional reasons for rejecting [the treating physician's] opinions was harmless."); *Carmickle*, 533 F.3d at 1162-63 (holding two invalid reasons for an adverse credibility finding were harmless error in light of the remaining reasoning).

## C. Lay Witness Testimony

*Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (holding that conflict with the opinions of an examining medical source is a basis for rejecting other source testimony); *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996) (warning that "testimony from lay witnesses who see the claimant every day is of particular value; such lay witnesses will often be family members" (citation omitted)); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *Williams v. Astrue*, No. 11-cv-5300-RBL-JRC, 2012 WL 2012027, at *5 (W.D. Wash. Apr. 27, 2012) ("Testimony from 'other non-medical sources,' such as friends and family members may not be disregarded simply because of their relationship to the claimant or because of any potential financial interest in the claimant's disability benefits." (citation omitted)); *Oh v. Astrue*, No. EDCV 10-1076-MLG, 2011 WL 486592, at *2 (C.D. Cal Feb. 3, 2011) (and cases cited therein) ("While some courts have held that an ALJ may consider a witness's financial interest in the award of benefits in evaluating their credibility, courts in the Ninth Circuit have consistently held that bias cannot be

presumed from a familial or personal relationship." (footnote omitted)); *id.* at *3 (noting that so long as germane reasoning remains—like a conflict with medical evidence—other errors in lay witness credibility determinations are harmless).

**D. Severity of Schizophrenia**

*Stromme v. Barnhart*, 50 F. App'x 353, 354 (9th Cir. 2002) ("We also reject Stromme's claim that the ALJ impermissibly 'cherry-picked' from the offered testimony. While the Commissioner must make particularized findings to support the administrative decision and allow for meaningful judicial review, the Commissioner need not discuss all evidence presented. The ALJ's failure to specifically address each opinion was not legal error because, in light of the entire record, those omitted opinions were not particularly probative." (citation omitted)).

Dated: September 27, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge